145 So. 586

### MAUND v. STATE.
### 4 Div. 865.

Court of Appeals of Alabama.
Jan. 17, 1933.

Sollie & Sollie, of Ozark, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense of manslaughter in the first degree; his punishment fixed at imprisonment in the penitentiary for the term of ten years.

Little worthy of comment appears. It seems merely another one of those cases where intoxicating liquor has taken its toll.

Appellant, poor, perhaps, and not widely known, is shown to have borne a good reputation among his neighbors; deceased and he were friends. But "home brew," a dance, a difficulty—now one in his grave; the other under sentence to the penitentiary.

The case was carefully and correctly tried. The facts were in dispute.

Testimony on the part of the state tended to support the verdict of the jury; that on the part of appellant would have exculpated him. It was strictly a jury case. While this is true, we are not sure that we follow, accurately, appellant's able and astute counsel in their comment, in brief filed here, that "the testimony for the State and that for appellant in the court below was at great variance, concerning two or three *psychic* (italics ours) features of the case." We do, though, appreciate fully, we think, said learned counsel's meaning when they assert that "appellant will not, in this brief, go at great length into the discussion of the different points of error that appear in the transcript of evidence had at the trial, for that, in a measure, many of the objections and exceptions appear not to be well grounded. However, appellant hereby specifically insists, as it is his right to do, under the Statutes of Alabama, that this Honorable Court consider each of the errors in making decision upon this cause." In other words, said meaning is, as we gather: "Appellant's counsel can find no prejudicial error— but the court must *look;* maybe *it* can find one! "

Well, it *is* our duty to "consider all questions apparent on the record," etc. Code 1923, § 3258. And we have done so. But we can do no better in the regard alluded to than said counsel. The long, full, accurately worded, and correct, oral charge of the court, together with some *forty* written charges, many of them of unusual length, requested by appellant, and given to the jury by the court, covered amply every possibly applicable phase of the law. There was no need for any other or further instruction. Code 1923, § 9509.

Appellant's defense was one, as disclosed by the record before us, that, it seems, would have impressed the jury more favorably than is shown by the verdict returned. But *we* have no duty to perform, in that regard.

Discovering nowhere error of a prejudicial nature, the judgment of conviction must be, and is, affirmed.

Affirmed.